■ MANUFACTURING SPECIALTIES Co., Respondent, v. FRANK FRIEDMAN & SONS, INC., Appellant.— Order entered September 27, 1967, granting the motion of the plaintiff for summary judgment, and dismissing the separate affirmative defenses and counterclaims of the defendant, numbered 1 through 7, and also dismissing the separate affirmative defenses, numbered 8 and 9, and directing that judgment be entered in favor of the plaintiff against the defendant in the sum of $7,931.29 with interest, unanimously modified, on the law,

by reinstating the first 7 separate affirmative defenses and counterclaims, and striking the provision for the entry of judgment in favor of the plaintiff in the amount set forth in said order and as so modified the order is affirmed, with $50 costs and disbursements to the defendant. The major question presented on this appeal is whether the appointment by plaintiff of the defendant as a distributor for as long as the plaintiff may manufacture or distribute the product involved, falls within the Statute of Frauds. The operative facts indicate that the plaintiff was acting as general distributor through a license issued by the patent holder for the product being sold. While the precise question has not been passed upon by the Court of Appeals, the Appellate Divisions of the Fourth and Second Departments have both held that such an agreement does not fall within the scope of the Statute of Frauds and, therefore is enforcible. (*Lenz* v. *World-Wide Automobiles Corp.,* 9 Misc 2d 32, affd. 5 A D 2d 1051 [4th Dept.]; *Mar-Bond Beverage Corp.* v. *Dublin Distributors,* 9 A D 2d 951 [2d Dept.].) We follow those decisions and conclude that the contract, as alleged by the defendant, is not rendered unenforcible by virtue of the provisions of the Statute of Frauds. Concur — Botein, P. J., Capozzoli, Tilzer, Rabin and McNally, JJ.